**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MELVIN P. LAWRENCE,** | : | |
| Petitioner | : | CIVIL ACTION NO. 3:14-CV-01768 |
| vs. | : | (Petition Filed 9/11/14) |
| **WARDEN D. EBBERT,** | : | (Judge Caputo) |
| Respondent | : | |

**MEMORANDUM**

On September 11, 2014, Petitioner Melvin P. Lawrence, an inmate at the United States Penitentiary, Lewisburg, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenges a judgment of conviction and sentence of imprisonment of 250 months imposed by the United States District Court for the District of Columbia on October 5, 2009, for one count of distributing five grams or more of cocaine base.[1] (Doc. 1) Lawrence also filed on September 11, 2014, a petition to proceed in forma pauperis. (Doc. 2). On September 22, 2014, the court issued an order granting Lawrence's petition to proceed in forma pauperis and directing service of Lawrence's petition on the Respondent and the United States Attorney for the Middle District of Pennsylvania. (Doc. 4) On October 23, 2014, the United States Attorney filed a response to Lawrence's petition. (Doc. 7) The matter became ripe for disposition on November 4, 2014, when

---

[1] Although Lawrence in his petition refers to a sentencing date of February 1, 2005, it is clear from a review of the record, including court opinions, that Lawrence is challenging the judgment of conviction and sentence that was imposed on October 5, 2009, after the case was remanded for re-sentencing by the United States Court of Appeals for the District of Columbia. See United States v. Lawrence, 471 F.3d 135 (D.C. Cir. 2006).

Lawrence filed a traverse. (Doc. 9). For the reasons that follow, the Court will dismiss Lawrence's petition.

**Background**

On March 4, 2003, an indictment was filed in the United States District Court for the District of Columbia charging Lawrence with the following offenses: (1) unlawful distribution of 5 grams or more of cocaine base in violation of 21 U.S.C. §841(a) and (b)(1)(B)(iii)(Count One); (2) unlawful distribution of 50 grams or more of cocaine base and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) and 18 U.S.C. §2 (Count Two); and (3) unlawful distribution of 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) (Count Three). Indictment, United States v. Lawrence, No. 1:03-CR-00092-CKK-1 (D.D.C. March 4, 2003), ECF No. 1 (PACER).[2] These charges arose out of an undercover investigation by the Washington Metropolitan Police Department in April and May, 2002, where drugs were purchased from Lawrence and his associates in the vicinity of Oak and Center Streets, in northwest Washington, D.C. See United States v. Lawrence, 471 F.3d 135, 137 (D.C. Cir. 2006).

On April 24, 2003, a second indictment was filed in the United States District Court for the District of Columbia charging Lawrence with the following offenses: (1) unlawful possession with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. §841(a) and (b)(1)(B)(iii)(Count One); (2) using, carrying and possessing a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(Count Two); and (3) unlawful

---

[2]The court docket for this case was accessed using the Public Access to Court Electronic Records (PACER) which is an electronic database of United States federal court documents.

possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment of one year or more in violation of 18 U.S.C. § 922(g)(1)(Count Three). Indictment, United States v. Lawrence, No. 1:03-CR-00175-RCL-1 (D.D.C. April 24, 2003), ECF No. 1 (PACER). The impetus for the filing of this indictment was as follows:

> On March 13, 2003, . . . officers executed search warrants on two residences. The first, 1458 Ogden Street, N.W., belonged to Lawrence's parents; the search there turned up no drugs or weapons. At the other address, 3030 30th Street, S.E., apartment # 304, Curtistine Johnson[3] resided with her four sons, one of who Lawrence fathered.
>
> The police found drugs and guns in Johnson's apartment. The pocket of a women's raincoat hanging in the closet near the front door contained sixty-one small plastic bags of cocaine base. In the master bedroom closet, there was a loaded .357 caliber handgun, an assault rifle, a bag of ammunition for the assault rifle, and empty plastic bags matching the ones in which drugs in the front closet were packaged. On the floor of the master bedroom, the police discovered a basket they characterized as a "cocaine cooking kit." The basket held the necessary equipment and ingredients to convert powder cocaine into crack cocaine. Various items of men's clothing were in the apartment including a distinctive "zoot suit" jacket in the master bedroom closet and a man's coat, with car keys in the pocket, hanging in the closet near the front door. There were photographs of Lawrence, including one showing him wearing the "zoot suit" jacket. The police also recovered a health insurance identification card bearing Lawrence's name, as well as more than ninety pieces of mail with Lawrence's name on them. At the time of the search, neither Lawrence nor Johnson was present.

See United States v. Lawrence, 471 F.3d at 137-138.

With respect to the first indictment, a jury trial commenced on September 29, 2003, with the jury returning a verdict on September 30, 2003, of guilty on Count One, distributing 5 grams or more of cocaine base. See United States v. Lawrence, 471 F.3d at 138; Verdict Form, United States v. Lawrence, No. 1:03-CR-00092-CKK-1 (D.D.C. March 4, 2003), ECF No. 27 (PACER). The jury could not reach a verdict with respect to Counts

---

[3]The indictment filed on April 24, 2003, also charged Johnson with several offenses.

Two and Three and a mistrial was declared with respect to those two counts. Id. The district court directed that a presentence investigation report be prepared but declined to schedule sentencing on Count One of the first indictment until the conclusion of Lawrence's trial before a different judge with respect to the second indictment.[4] Id. The case was subsequently reassigned to the judge presiding over the second trial. Motion to Continue Sentencing, United States v. Lawrence, No. 1:03-CR-00092-CKK-1 (D.D.C. March 4, 2003), ECF No. 30 (PACER); United States v. Lawrence, 821 F.Supp.2d 91, 93 (D.D.C. 2011).

The second trial commenced on or about April 2, 2004, and a jury returned a verdict of guilty on all three counts on April 7, 2004. Verdict Form, United States v. Lawrence, No. 1:03-CR-00175-RCL-1 (D.D.C. April 24, 2003), ECF No. 48 (PACER).

After addressing various presentence matters, including a motion for a downward departure, the judge who presided over the second trial conducted a consolidated sentencing hearing on February 1, 2005. See United States v. Lawrence, 821 F.Supp.2d at 93. On the one count set forth in the first indictment and the three counts set forth in the second indictment Lawrence received an aggregate sentence of imprisonment of 360 months.[5] Judgment and Commitment, United States v. Lawrence, No. 1:03-CR-00175-RCL-1 (D.D.C. April 24, 2003), ECF No. 48 (PACER); Judgment and Commitment, United States

---

[4]The Honorable Colleen Kollar-Kotelly presided at the first trial and the Hononable John G. Penn at the second trial.

[5]With respect to the one count in the first indictment of which he was found guilty Lawrence received a sentence of 260 months to run concurrent with the sentence on Counts One and Three of the second indictment. With respect to Count One of the second indictment Lawrence received a sentence of 300 months and on Count Two a sentence of 60 months to run consecutive to all other sentences imposed. On Count Three of the second indictment Lawrence received a sentence of 120 months to run concurrent with the 300 months sentence imposed on Count One.

v. Lawrence, No. 1:03-CR-00092-CKK-1 (D.D.C. March 4, 2003), ECF No. 135 (PACER).

Lawrence appealed both convictions and the appeals were consolidated for consideration by the United States Court of Appeals for the District of Columbia. United States v. Lawrence, 471 F.3d 135 (D.C. Cir. 2006), *reh'g en banc denied* (April 24, 2007) . The two issues presented on appeal were (1) whether the government at the first trial presented sufficient evidence to prove that the drugs delineated in Count One of the indictment were crack cocaine or another smokable form of cocaine, and (2) whether the district judge who presided over the second trial when ruling on a motion for judgment of acquittal erred in not finding that the evidence was insufficient to find beyond a reasonable doubt that Lawrence possessed the drugs and guns found at codefendant Johnson's apartment. Id. at 137 & 139. The Court of Appeals held that the evidence was sufficient to support a conviction for the charge of distributing crack cocaine set forth in Count One of the first indictment but that Lawrence was entitled to a judgment of acquittal on the drug and firearms possession charges set forth in the second indictment. Id. at 143.[6] The Court of Appeals affirmed the conviction in case number 1:03-CR-00092-CKK-1, reversed the convictions in case number 1:03-CR-00175-RCL-1, and remanded both cases for further proceedings, including re-sentencing. Id. The Court of Appeals issued its mandate on May 18, 2007. Mandate, United States v. Lawrence, No. 1:03-CR-00092-CKK-1 (D.D.C. March 4, 2003), ECF No. 54 (PACER); Mandate, United States v. Lawrence, No. 1:03-CR-00175-RCL-1 (D.D.C. April 24, 2003), ECF No. 152 (PACER).

---

[6]The Court of Appeals held that there was insufficient proof tying Lawrence to Johnson's appartment and that the prosecution did not prove that he constructively possessed the drugs or the guns.

On October 4, 2007, the United States filed in the district court a motion to vacate the judgment and commitment order issued in case no. 1:03-CV-00175-RCL-1. Motion to Vacate, United States v. Lawrence, No. 1:03-CR-00175-RCL-1 (D.D.C. April 24, 2003), ECF No. 157 (PACER).[7] On November 2, 2007, the district court granted that motion. ECF No. 158.

After being remanded case no 1:03-CR-00092-CKK-1 involving the first indictment was initially reassigned to the Honorable Thomas F. Hogan, the Chief Judge of the district, and then reassigned to the Honorable Colleen Kollar-Kotelly, the district judge who originally was assigned the case and presided at the jury trial. On January 23, 2009, Judge Kollar-Kotelly directed that "the parties file a Joint Status Report with proposed schedule of dates for an updated Presentence Report, if needed, and deadlines for new sentencing memos by 2/4/2009." Minute Order, United States v. Lawrence, No. 1:03-CR-00175-RCL-1 (D.D.C. April 24, 2003)(un-numbered ECF docket entry dated January 23, 2009) (PACER). After several status conferences, the preparation of an updated presentence report and the filing of various presentence motions and memoranda, Lawrence was re-sentenced by Judge Kollar-Kotelly on October 5, 2009, to a term of imprisonment of 250 months with credit for time served. Minute Entry, United States v. Lawrence, No. 1:03-CR-00175-RCL-1 (D.D.C. April 24, 2003)(un-numbered ECF docket entry dated October 5, 2009) (PACER); Amended Judgment, ECF No. 93 (10/12/2009).

On October 14, 2009, Lawrence filed a notice of appeal in the district court which was transmitted to the Court of Appeals on October 22, 2009. Notice of Appeal,

---

[7] After the motion was filed the case was reassigned to the Honorable Thomas F. Hogan. Judge Penn passed away on September 9, 2007.

United States v. Lawrence, No. 1:03-CR-00175-RCL-1 (D.D.C. April 24, 2003) ECF No. 90 (PACER); Transmission of Notice of Appeal, ECF No. 96.  On appeal Lawrence raised the following four issues: (1) there was an error in the presentence report regarding the quantity of crack cocaine he distributed (he was convicted of distributing 21.1 grams but the presentence report stated 29.6 grams) which the district court relied on; (2) "the district court would have imposed a lower sentence but for its refusal to continue his re-sentencing and to consider the effect of pending legislation to eliminate the disparity between crack and powder cocaine on his career offender sentencing range;" (3) the district court erred in violation of his Fifth Amendment right against self-incrimination by noting his lack of remorse at re-sentencing; and (4) the district court erred by not finding that his two prior felony convictions which technically qualified him for the career offender status involved too small a quantity of drugs and were too remote in time to justify sentencing as a career offender. United States v. Lawrence, 662 F.3d 551, 552-553, 555-556 & 563-564(D.C. Cir. 2011).[8]

On November 15, 2011, the Court of Appeals rejected Lawrence's arguments and affirmed his judgment of conviction and sentence. Id.  In so doing the Court of Appeals held that (1) the error in the presentence report as to the amount of cocaine base was not plain error and the guidelines remained the same whether the amount was 21.1 grams or 29.6 grams; (2) the district court did not plainly err, in violation of defendant's Fifth Amendment right against self-incrimination, by referencing his failure to express remorse and accept responsibility; and (3) the district court did not abuse it discretion in applying the career offender guidelines provision.  Id.   Furthermore, with respect to the pending

---

[8] The term of imprisonment of 250 months was 12 months below the bottom of the career offender guideline range.

7

legislation relating to the crack and powder cocaine disparity the court stated as follows:

> [A]ny error in the district court's understanding of the pending legislation's effect on the career offender sentencing range would not have been prejudicial, for in the plain error standard context, a defendant must demonstrate "some basis for suspecting that a reduction in his sentence is sufficiently likely to justify a remand." [citation omitted] The district court acted on the basis that the statutory maximum was 40 years and the career offender provision increased Lawrence's criminal history category to VI; that the pending legislation proposed to eliminate the 100:1 disparity, with which it disagreed as a matter of policy, but there was nothing to indicate when, much less if, Congress would enact it. Congress never did. There is, then, nothing in the record to indicate, as Lawrence now contends, that the district court's variance would have been greater because its own disagreement with the disparity would have been more in line with the pending legislation. The district court noted at the time that the Sentencing Commission's recommended adjustment to the disparity was not 1:1. [footnote omitted] Thus, to the extent that Lawrence would link the district court's denial of his motion for a continuance and its alleged misunderstanding of the pending legislation, his conclusion that had the district court realized the pending legislation would, if enacted, affect career offender sentencing, it would have continued the re-sentencing or imposed a lower sentence is pure speculation.

Id. at 560.

Even before the Court of Appeals issued its decision on November 15, 2011, with respect to Lawrence's the direct appeal, Lawrence on August 26, 2010, filed pro se a motion pursuant to 28 U.S.C. § 2255 to vacate his conviction and judgment of sentence. Motion to Vacate, United States v. Lawrence, No. 1:03-CR-00092-CKK-1 (D.D.C. March 4, 2003), ECF No. 105 (PACER). In the motion to vacate Lawrence claimed that the attorney who represented him during the re-sentencing proceedings was guilty of ineffective assistance of counsel by failing to (1) argue that the government and the court had to comply with 21 U.S.C. § 851, a provision which applies when the government seeks to obtain enhanced statutory penalties under 21 U.S.C. §§ 841-858 based on certain qualifying prior convictions; and (2) present mitigating evidence which would have persuaded the court to

impose a lower sentence. United States v. Lawrence, 821 F.Supp.2d 91, 95-97 (D.D.C. 2011). The district court denied the motion finding that the claims were meritless and, consequently, counsel was not guilty of ineffective assistance. Id. The district court further declined to issue a certificate of appealability.[9] Id. at 97.

On October 31, 2011, Lawrence filed a notice of appeal with regard to the denial of his § 2255 motion in the district court and requested the Court of Appeals to issue a certificate of appealability. Notice of Appeal, United States v. Lawrence, No. 1:03-CR-00092-CKK-1 (D.D.C. March 4, 2003), ECF No. 115 (PACER). The notice of appeal was transmitted to the Court of Appeals on November 21, 2011. Transmission of Notice of Appeal, United States v. Lawrence, No. 1:03-CR-00092-CKK-1 (D.D.C. March 4, 2003), ECF No. 116 (PACER). On July 11, 2012, the Court of Appeals denied Lawrence's request for the issuance of a certificate of appealability with regard to his ineffective assistance of counsel claims. Per Curiam Order, United States v. Lawrence, No. 11-3102 (D.C. Cir. Nov. 22, 2011), ECF No. 1383106 (PACER).

On January 23, 2014, Lawrence filed with the Court of Appeals a petition for leave to file with the district court a second or successive motion under 28 U.S.C. § 2255. Petition for Leave to File Second or Successive Motion, United States v. Lawrence, No. 14-3002 (D.C. Cir. Jan. 23, 2014), ECF No. 1476590 (PACER). In the petition Lawrence argued that he "should have not been sentenced for crack cocaine because [the charge] was not proved beyond a reasonable doubt, and actually [he was] innocent of the[] charges." Id. On

---

[9]Under 28 U.S.C. § 2253(c)(1)(B) an appeal cannot be taken from a final order in a section 2255 proceeding "[u]nless a circuit justice or judge issues a certificate of appealability[.]"

June 4, 2014, the Court of Appeals issued an order denying Lawrence's petition for leave to file a second or successive § 2255 motion. Per Curiam Order, United States v. Lawrence, No. 14-3002 (D.C. Cir. Jan. 23, 2014), ECF No. 1495985 (PACER). The Court of Appeals held that Lawrence failed to show that his petition was "based either on newly discovered evidence or on a rule of constitutional law that was previously unavailable but [] made retroactive by the Supreme Court to cases on collateral review." Id. The Court of Appeals further found that Lawrence "[had] not made a showing of actual innocence." Id.

**Discussion**

In the present section 2241 habeas petition, Lawrence raises issues that were previously addressed by the United States District Court for the District of Columbia. First, Lawrence alleges that he was sentence for crack cocaine, but asserts that a "powdered substance" was produced at trial; second, he contends that he was re-sentenced based on 29.6 grams of cocaine instead of 21 grams; third, he claims that the two convictions used to find that he was a career offender were minor (involving $25 worth of PCP and $50 worth of Cocaine (.257 grams)); and fourth, he argues that his sentence should not have been enhanced based on the career offender provision. Doc. 1, Petition for Writ of Habeas Corpus. Finally, Lawrence makes the argument that the evidence at trial was insufficient to find beyond a reasonable doubt that he distributed 5 grams or more of cocaine base. Docs. 8 & 9, Amended Petition & Traverse, respectively.

A federal criminal defendant's conviction or sentence is subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. E.g., United States v. Addonizio, 442 U.S. 178, 179 (1979). In the instant case, Lawrence is clearly challenging his federal sentence.

Section 2255 provides in part that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention" (Emphasis added).

A motion under § 2255 is "'inadequate or ineffective'" only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. See id.; Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966). Furthermore, prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . . ." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.) (emphasis added), cert. denied, 479 U.S. 993 (1986). Moreover, the United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under § 2255, a motion under § 2255 "supersedes habeas corpus and provides the exclusive remedy." Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.) (per curiam), cert. denied, 409 U.S. 1046 (1972). In his petition, Lawrence does not indicate in any manner that a § 2255 motion would be

11

inadequate or ineffective as required under Galante.

Lawrence states that he has filed a prior § 2255 motion with the sentencing court and that his motion was denied. However, as noted in Litterio, lack of success does not by itself entitle petitioner to review of his habeas corpus petition.

Moreover, Lawrence's, apparent argument that his second § 2255 is procedurally barred, rendering his § 2255 motion inadequate or ineffective, thereby making a § 2241 petition his only effective form of relief is not persuasive. At best under the present circumstances Lawrence may demonstrate a personal inability to utilize the § 2255 remedy, but he does not establish the inadequacy or ineffectiveness of the remedy itself. See Jeffers v. Holland, Civil No. 97-1203, (M.D. Pa. Nov. 7, 1997) (Conaboy, J.); Berry v. Lamer, Civil No. 96-1678, slip op at 13-14 (M.D. Pa. April 30, 1997) (Kosik, J.) (finding that existence of two orders from circuit court warning petitioner that no other submissions shall be filed or entertained in his case, did not render his remedy by way of § 2255 motion inadequate or ineffective); Holland v. Harding, Civil No. 95-0870, slip op at 4 (M.D. Pa. Nov. 21, 1995) (McClure, J.)(holding that entering into a sentencing agreement wherein the right to challenge the conviction or sentence by direct appeal or by § 2255 motion is waived does not render a § 2255 motion inadequate or ineffective); see also In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997) (denying motion for certification to file a second § 2255 petition without prejudice to petitioner filing a § 2241 habeas corpus petition because passage of a subsequent law may negate the crime of which he was convicted, the Third Circuit Court of Appeals stated in dicta, "[w]e do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding

would effectively eviscerate Congress's intent in amending § 2255.").

Thus, the legislative limitations on successive § 2255 proceedings do not render the remedy either inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this Court. To hold otherwise would simply effect a transfer of forum for the adjudication of successive challenges to the validity of a conviction. That Congress did not intend such a result is made manifest by 28 U.S.C. § 2244(a), which provides that no district judge "shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in Section 2255." As noted above, § 2255 authorizes a district court to consider a habeas corpus petition of a federal prisoner only if the § 2255 motion is inadequate or ineffective.

Clearly in view of the fact that Lawrence has already filed a § 2255 motion regarding his conviction, that remedy has proven to be an affective and adequate means for him to challenge the legality of his detention. Therefore, the instant petition must be dismissed.

Finally, because Lawrence is not detained because of process issued by a state court and the petition is not brought pursuant to 28 U.S.C. § 2255, no action by this court with respect to a certificate of appealability is necessary.

An appropriate order will be entered.

            s/A. Richard Caputo
            A. RICHARD CAPUTO
            United States District Judge

Dated: August 27, 2015